duly certified representative of the non-professional employees of its nursing home in Hastings, Michigan. The Company based its refusal to bargain on the grounds that the certification of the Union in the underlying representation proceeding was invalid.

We have considered the record, the briefs and oral arguments of counsel, and conclude that the Board properly found that the admitted refusal of the Company to bargain with the Union was a violation of the Act and that the order of the Board should be enforced.

It is so ordered.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The final order of the district court is reversed and the case is remanded with directions to vacate the judgment of conviction and sentence of the appellant for violation of 26 U.S.C. § 4744(a). Harrington v. United States, 5th Cir. 1971, 444 F.2d 1190. The mandate of this Court will issue forthwith.

Reversed and remanded, with directions.

John T. STEVENS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 29833

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 14, 1971.

Sam Monk Zelden, New Orleans, La., for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Dwight DANIEL, Defendant-Appellant.

No. 71–1326

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 9, 1971.

Roger R. Auman, Trenton, Ga. (court-appointed), for defendant-appellant.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

Wayman G. Sherrer, U. S. Atty., Albert C. Bowen, Jr., Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Judgment affirmed. See Local Rule 21.[1]

---

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**VICTOR OTLANS ROOFING CO., Respondent.**

**No. 26196.**

United States Court of Appeals, Ninth Circuit.

June 23, 1971.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D.C., Charles M. Henderson, Director, NLRB, Seattle, Wash., for petitioner.

Frederick Richman, Cooper, Wyatt, Tepper & Plant, Los Angeles, Cal., for respondent.

Before BROWNING, CARTER and TRASK, Circuit Judges.

PER CURIAM:

Larrell Lane, employed as a kettleman by the respondent, Victor Otlans Roofing Co., was discharged. He claimed that the true cause of the discharge was union activity. A charge was filed against the employer before the National Labor Relations Board by Lane's union to this effect and eventually a hearing held before a Trial Examiner on the issues joined by the Employer's denial.

The Trial Examiner found in favor of the union and the employee and entered an order for reinstatement and back pay. A review by the Board resulted in an order affirming the Trial Examiner's findings and order subject to a change in a date which was of no substantial significance.

The case is now before this court upon an application of the National Labor Relations Board pursuant to Section 10(e) of the Act, as amended, 29 U.S.C. Section 151 et seq. for enforcement of its order against Otlans.[1]

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

1. The decision of the Board may be found at 182 N.L.R.B. No. 137.